**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|                                       | )                      |
|---------------------------------------|------------------------|
| **MARIA MONTEIRO,**                   | )                      |
| Plaintiff,                            | )                      |
| v.                                    | ) CIVIL NO. 3:10CV235  |
| **MICHAEL J. ASTRUE,**                | )                      |
| **Commissioner of Social Security,**  | )                      |
| Defendant.                            | )                      |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss (docket no. 5). Plaintiff, Maria Monteiro, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for certain disability benefits.[1]

For the reasons discussed herein, it is the Court's recommendation that Defendant's Motion to Dismiss (docket no. 5) be GRANTED.

## I. PROCEDURAL HISTORY

Plaintiff was originally scheduled for a hearing before an Administrative Law Judge ("ALJ") on November 24, 2008. (Def.'s Mot. to Dismiss, Exhibit 1(b) ("Exhibit 1(b)").) Plaintiff appeared at the hearing and was granted a continuance for the purpose of obtaining a

---

[1] The Court is not privy to information concerning exactly which benefits Plaintiff applied for, either Social Security Disability ("DIB") or Supplemental Security Income payments ("SSI"). However, it is not necessary to obtain such information, as regardless of which application Plaintiff filed, Defendant's Motion should be granted.

representative. Id. A Notice of Hearing was mailed to Plaintiff on February 10, 2009, which contained an explanation of the procedures for requesting a change in the time and place of the hearing and a reminder that failure to appear without good cause could result in dismissal of Plaintiff's request for a hearing. Id. The Acknowledgement of Receipt, which was enclosed with the Notice of Hearing (and was to be returned to confirm Plaintiff had received the Notice), was not returned. Id. A subsequent attempt was made to contact Plaintiff. Id. On March 4, 2009, Plaintiff and/or her representative failed to appear for the rescheduled hearing. Id. A Notice to Show Cause for Failure to Appear was mailed to Plaintiff on March 11, 2009; yet no response was received within the requested time period of ten days after the Notice was mailed. Id. On April 17, almost a month after the Notice was mailed, Plaintiff's attorney replied, stating that he had just been retained to represent Plaintiff on March 5, 2009, and that Plaintiff did not appear at the March 4, 2009 hearing because of transportation issues and an apparent misunderstanding on her part that she needed to cancel the hearing and/or request postponement. Id. Plaintiff's counsel did not notify the Office of Disability Adjudication that he had been appointed Plaintiff's representative until April 17, 2009. Id.

On April 29, 2009, the ALJ issued an order denying Plaintiff's request for a renewed hearing, finding that upon consideration of the factors set forth in 20 C.F.R. §§ 404.957(b)(2) and 416.1457(b)(2), there was no "good cause" for Plaintiff's failure to appear at the time and place of the hearing. Id. Consequently, the determination dated February 22, 2008 remained in effect. Id. On March 23, 2010, the Appeals Council denied Plaintiff's request for review. (Exhibit 1(c).)

## II. STANDARD OF REVIEW

Under the regulations of the Social Security Administration, if the Appeals Council denies a timely request for review of a hearing decision, that hearing decision becomes the "final decision" within the meaning of, and subject to, the provisions for judicial review pursuant to 42 U.S.C. § 405(g), which states:

> Any individual, after any <u>final decision of the Commissioner made after a hearing</u> to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

<u>Id.</u> (emphasis added). The term "final decision" is undefined in the Social Security Act ("the Act"), but "its meaning is left to the [Commissioner] to flesh out by regulation." <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766 (1975). In that regard, the regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. §§ 404.900(a), 416.1400(a). Claimants must also pursue administrative appeal rights in accordance with the regulations. 20 C.F.R. §§404.905, .921, .955, .981, 416.1405, .1421, .1455, .1481.

## III. ANALYSIS

Defendant argues that Plaintiff has not exhausted her administrative remedies or obtained a "final decision" subject to judicial review. (Def.'s Mot. to Dismiss and Br. in Supp. Thereof ("Def.'s Mem.") at 5-6.) Consequently, Defendant argues that the Court does not have jurisdiction in the matter. <u>Id.</u> Plaintiff has not opposed Defendant's Motion.

By regulation, a dismissal of a request for a hearing is not a "final decision...made after a hearing" subject to judicial review. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.959, 416.1459 ("The

dismissal of a request for a hearing is binding, unless it is vacated by an [ALJ] or the Appeals Council."). Neither the ALJ nor the Appeals Council has vacated its decision to dismiss Plaintiff's request for a hearing. Accordingly, Plaintiff has failed to exhaust her administrative remedies in accordance with the regulations. Because Plaintiff has failed to do so, the Court lacks jurisdiction. See McCarthy v. Madigan, 503 U.S. 140, 144-45 (1992) (superseded on other grounds) (noting that parties must exhaust prescribed administrative remedies before seeking relief from federal courts); see also Weinberger, 422 U.S. at 766 (noting that the Commissioner may specify requirements for exhaustion for cases governed by 42 U.S.C. § 405(g)). Therefore, it is the Court's recommendation that Defendant's Motion be granted and that Plaintiff's claim be dismissed.

## IV.  CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Defendant's motion to dismiss (docket no. 5) be GRANTED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable James R. Spencer and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

4

/s/
DENNIS W. DOHNAL
UNITED STATES MAGISTRATE JUDGE

Date: September 28, 2010
Richmond, Virginia